WILLIAM F. MOELLER, Plaintiff in Error, v. ARCHIBALD QUAR- RIER et al., Defendants in Error.

ERROR TO MARSHALL.

An attachment was issued against two, upon an affidavit alleging that one was a non-resident and that the other was about to depart the State, &c., one only pleaded in abatement, that he was not about to depart the State. Upon the trial of this issue, the circuit court admitted evidence of the indebtedness, found the issue on the plea of abatement against the party pleading it, and gave judgment for the plaintiff: —

*Held*, that this was correct, and that the party pleading in abatement, had no right when that issue was found against him to answer over on the merits of the action.

Where a party bound himself to another for a consideration to pay all the expenses incurred on a journey from this State to California, it is such an interest as can be reached by garnishee process.

THIS was a proceeding by attachment commenced by Quar- rier and others in the Circuit Court of Marshall county against Moeller and one Falmestock. Service was made on Moeller, and Falmestock was brought into the case by advertisement. Garnishee process was issued in aid of the attachment. Moel-

Moeller *v.* Quarrier et al.

ler pleaded in abatement, that he was not about to depart this State, as was alleged in the affidavit, upon which process issued. Upon the trial of the issue on the plea in abatement, it was proved that Moeller was about to depart from this State to go to California, with the intention of residing there permanently. The plaintiff then offered to prove the amount of the indebtedness claimed in the declaration, to which the defendant objected, and insisted that even if the issue on the plea in abatement should be found against him he would have the right to answer over to the merits. The circuit court overruled the objection, and the plaintiff proved an indebtedness to the amount of the sum assessed by the court in the finding. To which exception was taken at the time.

The evidence showed, that on the 17th January, 1852, Moeller owned a contingent interest in a mercantile establishment, in which one William Merriman was a partner. Moeller and Merriman made a contract in writing, *bonâ fide,* by which Moeller sold his interest to Merriman ; the writing recited that Moeller and Merriman then intended to go to California in the spring of 1852 to examine the country. Merriman agreed with Moeller, to pay all the expenses incurred by Moeller, while on said journey to California. It was proved by parol, that when the agreement was made an estimate of probable value of Moeller's contingent interest in a mercantile establishment was worth $300 ; and that expenses to California would be $300.

Garnishee process issued against Merriman with others, to reach the above sum of three hundred dollars.

The cause was heard before LELAND, Judge, at October term, 1852, of the Marshall Circuit Court.

DICKEY and WALLACE, for plaintiff in error.

N. H. PURPLE, for defendants in error.

SCATES, J. Two questions are presented in this case. First, the affidavit for the attachment charges, that Falmestock is a non-resident, and that Moeller is about to depart the State, &c.

Moeller alone pleaded in abatement that he was not about to depart, &c.

Upon the trial of this issue, the court overruled an objection to, and admitted evidence of, the indebtedness, and we are of opinion it was correct.

Secondly, Moeller sold his interest in the profits of an unsettled partnership, estimated at $300, to Merriman, for which Merriman bound himself " to pay all the expenses incurred by
24 *

said William F. Moeller, while on said journey from the town of Lacon, Marshall county, Illinois, to California, the said William F. Moeller stopping at San Francisco." Is this such an interest as can be reached by garnishment, under proceedings by attachment? We are of opinion that it is liable.

The statute provides that "lands, tenements, goods, chattels, rights, credits, moneys, and effects of said debtor of every kind" may be attached, "in whose hands or possession the same may be found." Rev. Stat. 45, p. 63, sec. 1. Debts not due are attachable, unless it be by a negotiable instrument, p. 67, sec. 17, and garnishee may set off demands due him by defendant, p. 69, sec. 25. The Massachusetts statute makes "goods, effects, and credits intrusted and deposited" attachable; and in determining what were goods, effects, or credits within its meaning, her courts have held that contingent interests are not attachable. 1 Mass. R. 470; 3 Ib. 33, 68.

Caton, J., dissenting. As I understand this contract, the demand was contingent, dependent entirely upon the party going to California and incurring expenses on the journey. The agreement was to pay his expenses to California, and nothing else. The parties had a right to make such an agreement, and the court has found that it was made in good faith. If such was the case, it is immaterial what the consideration was, whether one dollar or one thousand dollars. The liability was the same.

The party did not agree to pay at all events so much money as would be reasonably sufficient to take a passenger to California, but he agreed to pay the expenses of a particular person there. Till that person went and those expenses were incurred, no debt was created. Such was the contract which the parties made in good faith, and with no intention to defraud any person. The court, however, has made a different contract for them, making a liability certain, which the parties made contingent, as they had a right to do. The parties agreed upon one measure of liability, which was lawful, and the court has established another. This, in my judgment, we have no right to do.