## THE HARTFORD FIRE INSURANCE COMPANY

*v.*

## ISAAC VANDUZOR.

1. MOTION—*must be preserved by bill of exceptions.* Where the action of the circuit court upon a motion to remove a cause from the State to the Federal

62—49TH ILL.

court, is assigned for error, such motion only becomes a part of the record, and is properly before the court for review, by means of a bill of exceptions.

2. VERDICT—*in assumpsit.* A jury returned as their verdict in an action of assumpsit: " We, the jurors in the case of Isaac Vanduzor *v.* The Hartford Fire Insurance Company, find for the plaintiff, and fix the judgment at five hundred dollars in his favor." *Held,* that this was sufficient in substance, and that the court might have reduced it to form; and that under the statute of amendments and jeofails, it must be treated as amended and reduced to form.

3. PRACTICE—*pleadings lost—may ̦be supplied by copies.* It is a familiar rule of practice, where the pleadings in a cause are lost, to permit them to be supplied by copy. And in cases where the papers have been mislaid, or are in the hands of one of the parties, or his attorney, and cannot be had, the court may, in the exercise of a sound discretion, permit them to be supplied by copies, in order to avoid a continuance of the cause.

4. SAME—*papers filed in a cause—should not be removed—unless by leave of court.* All papers filed in a cause should be preserved by the clerk in his office, and should not be removed therefrom except by leave of the court.

5. NEW TRIAL—*because attorney did not know when the term of the court was held—at which judgment was rendered.* A new trial will not be awarded, on the ground merely, that the attorney of the party against whom judgment was rendered did not know when the term of the court was held at which the judgment was taken, and hence failed to appear and defend the suit.

6. SAME—*to entitle party to a new trial—he must show diligence.* The time for holding the various courts of this State is fixed by statute, and it is the duty of attorneys and parties to know, and the law charges them with a knowledge of, the time so fixed, and if they neglect to inform themselves, the effect is the same as if they had actual knowledge, and failed to attend. In such case, a party, to entitle himself to a new trial, must show that he has used reasonable diligence.

APPEAL from the Circuit Court of Ford county; the Hon. A. J. GALLAGHER, Judge, presiding.

The opinion states the case.

Mr. STEPHEN R. MOORE, for the appellant.

Mr. M. HAY and Messrs. GREENE & LITTLER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by appellee, in the Iroquois Circuit Court, against appellant. The declaration contained the common counts. Appellant entered an appearance and moved the court to transfer the case to the Circuit Court of the United States for the Northern District of Illinois. An affidavit and bond were filed. upon which the motion was based. The court overruled the motion. Appellant thereupon filed the general issue and a special plea, to the latter of which appellee filed a demurrer, which was sustained and leave given to amend, but no amended plea was ever filed. Subsequently the venue was changed to the circuit court of Ford county, on the application of appellant.

At the next October term of the Ford Circuit Court a trial was had in the absence of appellant's attorney and agent. The jury found a verdict in favor of appellee for $500 damages. Appellant's attorney, before judgment was rendered on the verdict, entered a motion for a new trial, which was overruled by the court, and judgment was rendered, and to reverse which the case is brought to this court on appeal, and various errors are assigned.

It is first insisted that the court below erred in refusing to certify the case to the United States Circuit Court, under the act of congress of 1789. The overruling of the motion, the bond, and the affidavit upon which it was based, were not preserved in a bill of exceptions. It is only in that mode that they could become a part of the record. Nor is there a bill of exceptions, showing that any exception was taken to the decision of the court in overruling the motion. This court cannot know, except by the record, that any exception was taken, nor can we examine the affidavit and bond unless they appear in a bill of exceptions. They did not become a part of the record by being filed by the clerk, or copied by him into the transcript. It is, therefore, unnecessary for us to

express any opinion whether the bond and affidavit are suffi-
cient, or whether a corporation is entitled to remove a case
from the State court to the United States court, under the act
of congress.

It is objected that the verdict is defective, and insufficient to
sustain the judgment. The jury say they find for the plain-
tiff, and "fix the judgment at five hundred dollars." It is
apparent that this verdict is not formal, as, in the form of
action they were trying, they should have assessed the damages,
and that was, no doubt, what they intended. In fact, no other
construction can be given to the verdict. They had heard the
evidence, and found the issues for the plaintiff, and it is appa-
rent that they had considered the evidence before them on the
question of damages, and they say that the damages are $500,
not in terms, but in substance. We can give the verdict no
other construction. Being sufficient in substance, the court
below might have reduced it to form, and, under the statute
of amendments and jeofails, it will be treated as having
been amended and reduced to form. We do not perceive any
force in this objection. This case is unlike that of *Patterson*
v. *Hubbard*, 30 Ill. 201, as in that case there was no finding
of the estate held by plaintiff, which is expressly required by
the ejectment law. From the finding in that case it could not
be inferred what estate was in the several plaintiffs.

It is insisted that the court erred in permitting appellee
to file copies of the pleadings, upon which to try the case.
Where papers are lost, no rule of practice is more familiar
than to permit them to be supplied by copy. If such a power
did not exist in courts, justice would be greatly delayed, if not
altogether defeated, in many cases. And such amendments
are generally allowed, almost as a matter of course, in further-
ance of justice. And for the same reason, if the papers are
mislaid, or in the hands of one of the parties, or his attorney,
and cannot be had, to avoid a continuance, the court may, no
doubt, in the exercise of a sound discretion, permit their place

to be supplied by copies. This would seem to be necessary, to prevent delay and great wrong which would be liable to occur from negligence of officers and attorneys who have charge of, or access to, the papers in a cause. In this case, so far as this record discloses, appellant's attorney seems to have not only taken the papers from the office of the clerk, but even from the county and the circuit, and, so far as we can see, without the permission of the court. All papers filed in a cause should be preserved by the clerk, and their proper depository is the office of the clerk, and such papers should not be taken from the office, except with leave of the court. Whether there was a rule of the court below authorizing them to be withdrawn in the manner indicated by this record, does not appear, but we cannot presume that the court could have permitted them to be withdrawn to be held beyond a term of the court. It was the duty of appellant to have the papers returned before the term of court at which the cause was tried, if they were taken rightfully from the county, and having been in default in not returning them, and having occasioned the necessity of filing copies it is not for appellant to complain. From our observation and intercourse with the bar of our State, we should be slow to believe that any member of the profession would resort to an act so unprofessional as to attempt to procure a continuance by withdrawing and withholding the papers in a cause. We therefore presume, that in this case, the papers were withheld through inadvertence, and not from design.

In regard to the motion for a new trial, it is apparent that there was a want of diligence. It appears from the affidavit filed, and upon which the motion was based, that the attorney of appellant did not know when the term of court was held. The time was fixed by a public statute of the State, which was accessible to all, and it would imply great indifference for the parties and attorneys in the case not to examine the law and learn the time. They could have resorted to other sources

of information, and it was their duty to know, and the law properly charges them with knowledge, and the effect of a want of such information must be the same as if they had actual knowledge and had failed to attend at the term. A party cannot willfully absent himself from the court and then claim a new trial, because he claims that he could have introduced evidence which would have reduced the verdict. Nor can he neglect the usual and ordinary precautions and sources of information that are open to him, and omit to know that of which the law charges him with a knowledge, and then claim that proceedings induced by his own negligence shall be set aside, and he be permitted to re-litigate the questions already determined. A party, to entitle himself to a new trial, must show that he has used reasonable diligence. Appellant has failed to do so in this case, and the motion was properly overruled.

We perceive no error in this record, and the judgment of the court below must be affirmed.

*Judgment affirmed.*