# WILLIAM HAWKINS

*v.*

# THEODORE ALBRIGHT *et al.*

1. ABATEMENT—*waiver of plea in, by pleading to the merits.* At common law, the filing of a plea in bar before a plea in abatement was disposed of, was a waiver of the plea in abatement. While it is true that a plea in abatement to a writ of attachment is, for most purposes, governed by the common law rules applicable to such pleas, yet, under our proce-

88      HAWKINS *v.* ALBRIGHT *et al.*     [Sept. T.

Opinion of the Court.

dure, such a plea is not waived by the filing of pleas in bar to the cause of action, and they should all be submitted to the same jury.

2. ATTACHMENT—*defendant may plead to writ and to the merits at the same time.* As the defenses which may exist to the right to attach property have no necessary connection with defenses to the cause of action, the right to plead in abatement is not upon the condition of abandoning all other defenses, but, on the contrary, all other legitimate defenses to the merits may be interposed at the same time.

3. SAME—*effect of plea in abatement.* The effect of a plea in abatement traversing the grounds alleged, upon which a writ of attachment is issued, is simply to throw the burden of proving the grounds of attachment upon the plaintiff.

4. SAME—*verdict and judgment.* Where the verdict of the jury upon issues upon a plea in abatement to a writ of attachment, and upon pleas in bar, is all one way, as, for the defendant, this will be sufficient without any special finding as to each, and judgment may be rendered the same way, generally, for the party succeeding. If the jury finds the issue upon the plea in abatement one way, and upon the other issues for the other party, the judgment should be special, finding separately as to each.

WRIT OF ERROR to the Circuit Court of Kankakee county; the Hon. CHARLES H. WOOD, Judge, presiding.

This was an action commenced by attachment, by the defendants in error against the plaintiff in error. The opinion of the court presents the necessary facts to an understanding of the case.

Mr. W. H. RICHARDSON, for the plaintiff in error.

Mr. JAMES N. ORR, for the defendants in error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellees filed a plea in abatement, traversing the matters alleged in the affidavit, and, subsequently, and before this plea was disposed of, they filed a plea of non-assumpsit to the declaration. Appellant moved to strike the plea in abatement from the files, but the court overruled the motion, and submitted the issues on both pleas to the same jury. Excep-

tion was taken to this, and this ruling of the court is the principal error complained of.

At common law, the filing of a plea in bar, before a plea in abatement was disposed of, was a waiver of the plea in abatement. But while this plea is called a plea in abatement, and, for most purposes, is governed by the rules applicable to such pleas, we are constrained to hold that the legislature intended that the issue presented by it should not be waived by other issues of fact raised by pleas in bar to the cause of action set forth in the declaration, but that they should all be submitted to the same jury.

Proceedings by attachment, for the collection of debts, are of statutory origin. The writ is not a common law writ, and does not issue as a matter of course, on the application of the party desiring it, by merely filing his præcipe or declaration. It is only authorized to be issued where certain facts, extrinsic of the indebtedness, exist, which shall be shown by the *ex parte* affidavit of the party applying for the writ. It is summary and oppressive in its character, and may be attended with heavy costs. The existence of the indebtedness is, of itself, no justification for issuing the writ, and the defenses which may exist against the one, have no necessary connection with those that may exist against the other.

The 8th section of the Attachment Act, (R. S. 1845,) provides, "that, in case any plea in abatement, traversing the facts in the affidavit, shall be filed, and a trial shall be thereon had, if the issue shall be found for the defendant, the attachment shall be quashed." We can not suppose that the legislature, in conferring this most salutary right, in so summary a proceeding, intended it should be exercised only upon the condition of abandoning all other defenses. It is manifest, upon the contrary, that it was intended that all other legitimate defenses which exist to the cause of action, may also be interposed, for it is provided, in the 25th section of the same act, that any defendant, against whom an attachment shall be sued out, may avail himself, in his defense, of any set-off properly

90                HAWKINS *v.* ALBRIGHT *et al.*          [Sept. T.

Opinion of the Court.

pleaded by the laws of this State, notwithstanding such set-off may not be due at the time of suing out such attachment, or at the trial thereof; thus, instead of narrowing, enlarging the defenses.

In *Boggs* v. *Bindskoff*, 23 Ill. 68, it was held, that it is the duty of the jury which tries the issue formed by the plea traversing the affidavit, if they find the plea untrue, to assess the plaintiff's damages; and that it is error, after this issue has been tried by one jury, to call a second jury to assess damages. To the same effect are, also, *Moeller* v. *Quarrier*, 14 Ill. 280, and *Brown* v. *Ill. Cen. Mut. Ins. Co.* 42 id. 369.

It necessarily follows, either that one issue excludes the other, which we do not think could have been intended by the legislature, or that they must all be submitted to the same jury.

The pleas in this case were filed in their proper order. The plea traversing the affidavit properly concludes to the country, and the common *similiter*, only, is required to form a complete issue of facts, and the effect of the plea is simply to throw the burden of proof upon the plaintiff.

There is, it seems to us, great propriety in submitting all the issues to the same jury. It simplifies the proceeding, saves time, and avoids much expense and delay.

In *Stillson* v. *Hill*, 18 Ill. 262, it was held, that a plea in abatement, denying a co-partnership by one of several defendants, is not waived by his filing, at the same time, a plea of non-assumpsit, and the reasoning upon which that decision is sustained applies with equal cogency to the position we assume here. We think the court below did not err in refusing to strike the plea in abatement from the files.

It is also objected, that the judgment should have been special, finding separately on each issue, instead of generally on all. If the jury had found upon one for the plaintiffs, and upon the other for the defendant, this would have been necessary, and doubtless would have been done, but we perceive no necessity, and we have been referred to no authority hold-

ing, where the issues are all found one way, that the verdict shall designate the finding on each issue. As the whole includes all the parts, there is no difficulty in determining what the finding is on each material issue, when it is known what it is on all.

It is insisted that the verdict is not supported by the evidence. We have examined the record with some care, and are fully satisfied with the conclusion to which the jury arrived. We think the evidence fairly preponderates in favor of their finding. Believing that there is no error in the record, the judgment of the court below is affirmed.

*Judgment affirmed.*