## E. H. RICKER
### v.
## D. C. SCOFIELD.

*Promissory Note—Attorney's Fees—Costs—Pleading and Practice—Pleas in Abatement—Usury.*

1. The matter of allowing new and independent pleas, presenting new defenses, is addressed to the discretion of the trial court, and this court will not interfere, unless it appears that such discretion has been abused.

2. After a plea in bar to an action, the defendant can not plead in abatement, unless for new matter arising after the commencement of the suit.

3. Pleas in abatement must be verified by affidavit.

4. An agreement for the payment of attorney's fees will not make usurious an otherwise valid contract or obligation, and it makes no difference whether the same was to be a certain sum, a reasonable sum, or a sum fixed at a certain percentage of the amount of either the debt or judgment.

[Opinion filed May 28, 1888.]

APPEAL from the Circuit Court of Kane County; the Hon. ISAAC G. WILSON, Judge, presiding.

Mr. R. M. IRELAND, for appellant.

The errors assigned on this record all look to the statute of amendments and the practices thereunder. It has been held that under our present statute leave to amend pleadings so as to present an issue to the court on the merits of a case is no longer discretionary with the court, but is a legal right.

The Empire Fire Insurance Co. v. The Real Estate Trust Co., 1 Ill. App. 391; Drake v. Drake, 83 Ill. 526.

In regard to the assignment of error based on the court's refusing to allow the filing of the plea of usury, showing that ten per cent. was to be added to the face of the note if not paid when due, we simply wish to submit that if this agreement, when made, instead of being intended as a penalty for non-payment of the note when due, was intended as a device to evade the statute on usury, as is sometimes the case, and as the proof here might have shown, then the contract was usurious, and the plea should have been filed; for no trick, shift or device will be allowed in evasion of the statute. Ferguson v. Sutphen, 3 Gilm. 548; Shirley v. Welty, 19 Ill. 623; Sutphen v. Cushman, 35 Ill. 186.

Mr. J. W. RANSTEAD, for appellee.

BAKER, J. Ricker was sued in assumpsit by Scofield to the February term, 1887, of the Kane Circuit Court, upon a promissory note for $530, dated March 15, 1880, due two years after date, and drawing eight per cent. interest per annum. The note contained a provision that in case a default was made in payment, then, "a sum equal to ten per cent. of the whole of said amount shall be added thereto for attorney's fees and taxed as a part of the costs in the court where suit may be brought."

At the return term, the general issue was filed, and issue joined thereon. At the same term, a special plea was interposed, and a demurrer to it was sustained by the court, and leave was taken to amend the plea, and the cause was continued with leave to file additional pleas.

The April term, 1887, of the court commenced on the 18th day of April. At that time the special plea had not been amended, and no additional pleas had been filed. The general order of the court was, that all pleas in civil cases be filed by the opening of court on April 21st, but on special application of appellant he was granted an extension of time until April 25th in which to file his amended and additional

pleas, and on the day last mentioned he filed four special pleas. Appellee, on the same day, filed a demurrer to said four pleas. It appears from the record that this demurrer was submitted to the court on the 29th day of April, and that on the 2d day of May the court sustained the demurrer to each and all of said pleas. Thereupon appellant made *seriatim* three several motions, each of which was refused by the court, and an exception taken. The first motion was for leave to plead over. The second motion was for leave to withdraw the general issue and file as pleas in abatement the first and fourth of the pleas filed April 25, 1887. The third motion was for leave to file an additional plea for usury, which was presented to the court.

At the time the court sustained the demurrer to the four pleas, and at the time the three aforesaid motions were made by appellant, the court was engaged upon the call of the common law docket for trial, with a jury, and the case at bar was the next case on the call; the plaintiff was in court ready for trial, and the case was immediately thereafter called for trial, and tried in its regular order on the docket. The verdict of the jury and judgment of the court were for appellee and against appellant for $805.85, the amount of principal and interest due on the note after making deduction for a credit of $50, indorsed on the note as of September 30, 1885.

No claim is made by appellant that there was any error in the rulings of the court in sustaining a demurrer to the special plea filed at the February term, and in sustaining demurrers to the four pleas filed at the April term. The assignments of error upon the record are three.

1. That the court, having sustained a demurrer to defendant's pleas filed April 25, 1887, erred in refusing defendant leave to plead over.

2. That the court erred in refusing leave to defendant to withdraw the plea of general issue, and to file as pleas in abatement the first and fourth of the pleas filed April 25, 1887.

3. That the court erred in refusing to allow the defendant leave to file his plea of usury.

Ricker v. Scofield.

1.   There was no error in the action of the court in refusing to give to appellant a general permission "to plead over." The matter of allowing new and independent pleas, presenting new defenses to the action to be filed, is addressed to the judicial discretion of the trial court, and appellate courts will not interfere with the exercise of such discretionary power without it is plain there has been an abuse of such discretion. Under the circumstances of this case there was no abuse of discretion.   The result of granting the leave asked would likely have been to continue the case.   Had the court permitted that which appellant sought to obtain, it would seem, just cause of complaint would probably have been given to appellee.   Both the statute and the courts are liberal in allowing amendments, either of form or substance, in any pleading in a case which will enable a defendant to make a legal defense.   But here, no leave was asked to make an amendment; it was not proposed to amend the pleas or any of the pleas on file, or to obviate the objections in any of them, on account of which the demurrers had been sustained by the court.   Whatever may have been appellant's statutory rights to amend his pleas, it is sufficient to say he did not seek to avail himself of them.

2.   It is elementary that after a plea in bar to the action the defendant can not plead in abatement, unless for new matter arising after the commencement of the suit.   1 Chit. Pl., 441; Lindsay v. Stout, 59 Ill. 491; Thomas v. Lowy, 60 Ill. 512; Hawkins v. Albright, 70 Ill. 87.   By filing the general issue and other pleas in bar appellant waived his right to plead in abatement.   Archibald v. Argall, 53 Ill. 307, is almost or quite on all fours with the case in hand, not only in respect to the legal principle under discussion, but also in respect to the subject-matter of the proposed pleas in abatement.   In Drake v. Drake, 83 Ill. 526, cited by appellant, no plea in bar had been pleaded, and it was merely held that under the present statute a plea in abatement of the character there involved was amendable.   Another cogent reason to justify the court in denying to appellant the privilege of filing the proposed

pleas as pleas in abatement, was that neither of them was verified by an affidavit, and no offer was made to so verify them.

3.　The additional plea of usury presented to the court and asked to be filed was not a good and issuable plea.　It purported in its commencement to answer the whole cause of action, and in fact only answered as to the interest on the note. The supposed usurious contract alleged therein was not in any respect the same usury that was claimed and attempted to be set up in the two prior pleas of usury that had been pleaded by appellant; and besides, such contract was well known to him when he filed his former pleas, and if he thought it was usurious he should have interposed such defense sooner, and not when the case was on the eve of being called for trial. The court was fully authorized to doubt, under the circumstances, if the plea was offered in good faith.　Besides this, the plea was witl out merit, and presented no defense to any part of appellee's demand.　The substance of the plea was that when the note was given it was agreed that eight per cent. interest should be paid, and that if the note was not paid at maturity a sum equal to ten per cent. should be added to the whole amount, to be taxed as costs, and that said eight per cent. interest and ten per cent. added to be taxed as costs exceed the legal rate of interest.　The presumption from the plea and the language used therein must be that the ten per cent. claimed to be usury is the attorney's fees of ten per cent. on the amount of the note that the note itself provides shall "be taxed as a part of the costs in the court where suit may be brought."　It will be noted, the stipulation is not to pay appellee the ten per cent. in case of default, but merely that in case default is made in payment and suit is brought and judgment recovered, then a fee of ten per cent. on the amount is to be taxed as a part of the costs in the court for the benefit of the attorney prosecuting the suit to judgment, as a compensation for his services in that behalf.　Contracts by the makers of notes to pay stipulated attorney fees in the event suits become necessary for the collection of such notes, are legal and valid contracts, and have been sustained and enforced by the courts in numerous cases.　It is immaterial in that regard whether a stated sum is agreed upon as the fee, or the pro-

vision is for a reasonable fee, or the fee is fixed at a certain per cent. upon the amount of either the debt or the judgment. It has not been the understanding of either the courts or the profession that such agreements for the payment of attorney fees would make usurious an otherwise valid contract or notes. Dunn v. Rogers, 43 Ill. 260, 263. We think that attorney fees thus provided for in a note can not justly be regarded as " interest," " discount, " or " compensation " received or contracted for by the payee, in such sense as to render the principal contract usurious under section six of the interest act in force July 1, 1879.

Our conclusion is, that there was no error in overruling the several motions of appellant. The judgment is affirmed.

*Judgment affirmed.*