EDWIN LEHMAN

v.

CONRAD SIGGEMAN.

*Principal and Surety—Bond—Action of Debt— Declaration—Amendment—Pleading.*

1. A rule requiring a defendant to plead, upon the amending of the declaration in a given case, having been entered, it is discretionary with the trial court whether it will allow the old pleas to stand or require that new ones be drawn and filed.

2. It is proper in such case to refuse to allow a verified plea of *non est factum* to stand, unless it is verified anew.

3.   A defendant should answer an amended declaration anew, unless he has filed a plea which would answer any declaration in the form of action used.

[Opinion filed March 13, 1891.]

In error to the Circuit Court of Cook County; the Hon. S. P. McConnell, Judge, presiding.

Mr. George W. Plummer, for plaintiff in error.

Mr. M. Salomon, for defendant in error.

Waterman, J.   Conrad Siggeman brought suit against George Lehman Sons' Company and Edwin Lehman in an action of debt.   The declaration was upon an appeal bond; it set up the giving of the bond, and that the judgment mentioned therein had been affirmed.   Edwin Lehman filed a verified plea of *non est factum*, and a plea that the judgment had not been affirmed as alleged in the declaration.   The plaintiff having obtained leave, amended his declaration, and a rule was entered requiring the defendants to plead to the same.   The defendant, Edwin Lehman, then asked that the pleas by him theretofore filed be allowed to stand to the amended declaration, or that he be allowed to refile them. This the court refused unless the plea of *non est factum* was re-verified.

Defendant refused to do this, and the default of said defendant was entered.

A jury was called, and upon the inquest to assess damages, the plaintiff introduced in evidence the bond sued on, the order of affirmance of the Appellate Court, and the bills of cost in the Circuit and Appellate Courts; and also proved the execution of the bond by the defendants, and that the judgment mentioned therein had not been paid.   The defendant was present and took part in the inquest.

The jury assessed the plaintiff's damages at the sum of $4,232.77.   There was judgment against the defendant, debt, $5,000; damages, $4,232.77.

The defendant below, Edwin Lehman, who has sued out a writ of error, insists that his default should not have been entered, and that he was prevented from making any defense, because of the refusal of the court to allow the pleas he had filed to the first declaration to stand to it as amended.

The court did not peremptorily refuse to allow the pleas to stand to the amended declaration, or to be refiled; it merely made it a condition of granting the defendant's request that the plea of *non est factum* should be re-verified.

If the court had acceded to the motion made by Edwin Lehman, he would have obtained the benefit of a verified plea of *non est factum* to the amended declaration, when he had not only never verified, but distinctly refused to verify such plea to the declaration as it then stood.

As to the plea that the judgment had never been affirmed, the plaintiff below proved upon the inquest the affirmance by the introduction of a duly certified copy of the order made by the Appellate Court. Plaintiff also proved the execution of the bond, and that nothing had been paid upon the judgment. The objections urged to the action of the court below are purely technical, and are not well taken.

The court was clearly right in refusing to allow the verified plea of *non est factum* to stand unless it was verified anew. McCarthy v. Neu, 91 Ill. 127–131; Ricker v. Scofield, 28 Ill. App. 32.

It was the right of the court and of the parties to have the pleadings in such condition that if one claimed the benefit of a verified plea, the verification should be such and made under such circumstances that perjury could be assigned thereon.

There was on file when the amendment was made, no plea which answered any declaration that could be made in the action; the plea of *non est factum* in an action of debt is not like the general issue in assumpsit. The rule laid down in McAllister v. Ball, 28 Ill. 210, is " that a defendant should answer an amended declaration anew unless he has a plea which would answer any declaration in the *form* of action used." Eames v. Morgan, 37 Ill. 260–273.

The defendant below did not ask leave to strike out the

verification and then refile the plea, nor did he ask leave to file by itself the plea denying affirmance of the judgment. His request was that the "old pleas" stand or he be allowed to refile them. This request the court properly refused.

A rule requiring the defendant to plead having been entered, it was a matter of discretion with the court whether it would allow the old pleas to stand or require that new pleas be drawn and filed.

The plaintiff below voluntarily undertook to prove his entire case and introduced evidence to support his entire declaration; the defendant neither objected to the introduction of this evidence, or evinced any desire to introduce evidence to refute the case thus made.

We find in the record no error for which the judgment should be reversed.

*Judgment affirmed.*