Woolverton v. Sumner.

---

## Thomas Woolverton v. E. C. Sumner.

53    115
102    ²337
53    115
d111  ¹332

1.   MARRIED WOMEN—*When Not Competent Witnesses.*—The wife of
a payee and assignor of a promissory note is not competent to testify at
the instance of plaintiff in a suit to collect the same.

2.   BURDEN OF PROOF—*Plea of Non Est Factum Verified.*—Upon a
plea of *non est factum* verified by an affidavit in a court of record,
the issue is to be found according to the preponderance of the evidence.
If plaintiff fails to prove the execution of the instrument, or its adoption
by the defendant, by a preponderance of the evidence, the defendant
is entitled to the verdict, though the testimony tends to show a forgery.

3.   RATIFICATION—*What Does Not Amount to.*—Where a person whose
signature appeared to a promissory note was told he was liable even if it
was a forgery, because the plaintiff was an innocent holder, replied, if he
was liable he would pay without suit, but would consult his lawyer on
the question of his liability, it was held not to be a ratification.

4.   NEW TRIAL—*Newly Discovered Evidence.*—Newly discovered evi-
dence which is clearly cumulative and inconclusive, is not a sufficient
ground for a new trial.

**Memorandum.**—Assumpsit on a promissory note. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1893, and affirmed. Opinion filed February 16, 1894.

The opinion states the case.

APPELLANT'S BRIEF, E. R. E. KIMBROUGH AND J. H. DYER,
ATTORNEYS.

Appellant contended that the filing of the affidavit denying the execution of the note and alleging the same to be a forgery in an action brought before a justice of the peace amounts to a "charge in the pleadings of the commission of a criminal offense," and that in such case the offense charged must be proven beyond a reasonable doubt. Crandall v. Dawson, 1 Gilm. 556; McConnell v. Mutual Ins. Co., 18 Ill. 228; Harbison v. Shook, 41 Ill. 141; Sprague v. Dodge, 48 Ill. 142; Germania Ins. Co. v. Klewer, 129 Ill. 599.

If a person whose name is signed to a forged note, with full knowledge of all the material facts, ratifies the note and agrees to pay it, he is bound as fully as though the signature were genuine. Paul v. Berry, 78 Ill. 159; Gleason, Adm'r, v. Henry, 71 Ill. 109; Ehrler v. Brawn, 120 Ill. 503; Kerr v. Shary, 83 Ill. 199; Reynolds v. Ferree, 86 Ill. 570; Livings v. Wiler, 32 Ill. 387.

APPELLEE'S BRIEF, SALMANS & DRAPER, C. A. ALLEN AND
CHAS. L. CHAMBERLIN, ATTORNEYS.

In the language of this court in Flynn v. Gardner, 3 Brad. 253, "The statute allowing husband and wife to testify for each other in certain cases is in derogation of the common law, and the parties can not avail themselves of its privileges unless they come within its provisions." Does this case fall within any of the exceptions mentioned in Sec. 5, Ch. 51, R. S. ? Most clearly not. This question has been before this court several times and it has always been held that the wife of a party who was directly interested in the matter in controversy was not a competent witness, although not a party to the record. Miller v. Craig, 16 Ill. App. 133; Craig v. Miller, 34 Ill. App. 325; Craig v. Miller, 133 Ill. 485.

Mr. Justice Pleasants delivered the opinion of the Court.

Suit originally before a justice of the peace by appellant, an assignee, for value, before maturity, upon what purported to be a promissory note of appellee to John O'Kane for $170. The trial in the Circuit Court, on appeal, resulted in a verdict and judgment for appellee. All needful motions were interposed and exceptions to the ruling thereon taken by plaintiff, who brings the record here and assigns errors on the admission and exclusion of evidence, the giving and refusing of instructions, the overruling of the motion for a new trial and the rendition of judgment for the defendant.

. The defendant, by affidavit, denied the execution of the instrument sued on. This and the question of ratification were the only issues submitted to the jury. The evidence on each was conflicting and irreconcilable. That introduced by plaintiff, standing by itself, was abundantly sufficient to require a verdict in his favor; and that introduced by defendant, standing by itself, was no less sufficient to compel the one that was found; nor was it meager on either side. On both there were a number of witnesses, and the evidence on each side was both direct and circumstantial. It would be entirely useless to state it or the substance of it. We should not overrule the conclusions reached by the jury, unless there was material error in the ruling of the court.

Those alleged and urged that need be noticed, are that the wife of the payee and assignor was not allowed to testify at the instance of plaintiff; that the jury were not instructed; that defendant, who in his testimony had declared the instrument a forgery, to maintain the issue on his part under the defense of *non est factum*, was bound to prove it a forgery beyond a reasonable doubt; that defendant was allowed the advantage of his ignorance of the law upon the question of ratification; and that the motion for a new trial should have been sustained on the showing made of newly discovered evidence.

The first of these rulings was justified by Craig v. Miller,

133 Ill. 300, expressly overruling that of Gravel Road Co. v. Midans, cited for appellant. Her husband was directly interested. His assignment of the note for value absolutely implied a warranty that it was genuine, and the witness was called to prove it was so.

On the second, by Sprague v. Dodge, 48 Ill. 142. The charge of forgery was not made in any pleading. Defendant did not appear before the justice of the peace. In the Circuit Court he filed an affidavit stating that "he denies that he executed the note in question upon which the plaintiff has brought the above suit, and that the same is not his note." Plaintiff was the assignee, not the payee. No charge is made against him, even by the affidavit, which is not a pleading, nor any criminal charge against the payee, who was not a party to the suit. We understand that upon a plea of *non est factum*, verified by such an affidavit in a court of record, the issue is to be found according to the preponderance of the evidence, or rather that if plaintiff fails to prove the execution of the instrument, or its adoption by the defendant, by a preponderance of the evidence, the defendant is entitled to the verdict, though the testimony for him tends to show a forgery, and the plaintiff is the payee.

As to the third, the fact is not as assumed. The defendant testified that he was told he was liable even if it was a forgery, because plaintiff was an innocent holder, and thereupon said that if he was liable he would pay without suit, but would consult his lawyer on the question of his liability; and that was all the promise of payment that he made.

The newly discovered evidence set forth was clearly cumulative and inconclusive.

Perceiving no material error in the record, the judgment will be affirmed.