## THE ITALIAN-SWISS AGRICULTURAL COLONY

*v.*

### JAMES PEASE, Sheriff.

*Opinion filed December 18, 1901.*

1. PLEADING—*defendant cannot plead to merits after defeat on trial of an issue of fact under plea in abatement.* If a defendant is defeated upon the trial of an issue of fact under a plea in abatement he can not plead over to the merits, and the evidence of the plaintiff's damages should be submitted with the evidence as to the issue of fact under the plea in abatement.

2. SAME—*what pleas are subject to the incidents of pleas in abatement.* In an action of debt against a corporation on a replevin bond, special pleas filed by the defendant, praying that the summons and the return be quashed on the ground that the party upon whom the summons purported to have been served was not the agent of the defendant, and that no copy of such summons was at any time left with such party, have the qualities of pleas in abatement and are subject to the incidents of such pleas.

3. TRIAL—*jury should assess plaintiff's damages if issue in abatement is found against the defendant.* If an issue of fact is submitted to the jury for decision on the issue of the abatement of the writ, the effect is that defendant admits the merits of plaintiff's claim, and if the issue of fact in abatement is decided against defendant, the jury should by the same verdict assess plaintiff's damages.

4. SAME—*court may admit copy in advance of proof of the loss of the original.* In an action on a written instrument it is not error for the court to admit a copy of the instrument in evidence in advance of the proof of the loss of the original.

5. CORPORATIONS—*when a corporation is estopped to deny that party was its agent.* If a foreign corporation which maintains an office in this State, occupied by a party as its agent, for some purposes of its business, knowingly permits the office door to be lettered with its name and that of the party as "western agent," and writes letters to its customers referring them to such party for the adjustment of its business affairs, it is estopped to deny that such party was its agent for the service of process.

6. VERDICT—*court may amend verdict in matters of form after jury is discharged.* If a verdict is good in substance, the court may at a subsequent term, while the cause is still pending, amend the verdict as to matters of form, though the jury has been discharged.

7. SAME—*when defects in verdict are matters of form.* In an action of debt, where the jury find the issues of fact in abatement against

the defendant and find the amount of the plaintiff's damages, the court may amend the verdict so that it shall contain an affirmative finding of the issues for the plaintiff and a finding as to the amount of the debt, such omissions being matters of form, only.

*Italian-Swiss Agricultural Colony* v. *Pease*, 96 Ill. App. 45, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

J. HENRY KRAFT, for appellant.

OLIVER & MECARTNEY, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

Process of summons issued out of the circuit court of Cook county in an action in debt brought by the appellee against the appellant company as principal obligor in a bond given by the appellant company to entitle it to maintain an action of replevin, was returned served by the delivery of a true copy of the summons to Phillip L. Raphael, the agent of said appellant company, the president of said company not being found, etc. The appellant company filed two pleas in abatement of the writ, the first of which alleged that the said Raphael was not and had not been its agent and was without authority to accept service of process for it; and the second, that no copy of the summons was at any time left with said Raphael. The appellee formed an issue on each of these pleas by a replication traversing the allegations thereof. A jury was empaneled to try the issues thus raised. Over the objection of the appellant company the court ruled that if the jury found the issues formed under the pleas in abatement for the plaintiff in the action they should also determine the plaintiff's damages. A hearing before the jury resulted in a verdict finding for the plaintiff on the issues in abatement and assessing the plaintiff's damages at $1684. Judgment was entered on the

verdict, and on appeal the judgment was affirmed by the Appellate Court, and the cause is here on the further appeal of the appellant company.

The prayer of each of the pleas is, that the said summons and the return thereon may be quashed, etc. If sustained upon the hearing of the issues of fact the verdict would have no operation other than to debar the court from assuming jurisdiction of the person of the appellant company by virtue of said summons and the return thereon. The appellant company by these pleas sought to abate the writ and thereby avoid a hearing of the case on the merits in the pending action. Such pleas have the qualities of pleas in abatement, and are, as we think, subject to the incidents of such pleas. It has been uniformly held in all cases at law in which the question has arisen in this jurisdiction, that when an issue of fact is thus submitted to a jury for decision on a mere issue of the abatement of the writ, the effect is that the defendant admits the merits of the plaintiff's claim, and if the issue of fact in abatement is decided for the plaintiff, the jury, by the same verdict, should assess the damages of the plaintiff. (*Moeller* v. *Quarrier*, 14 Ill. 280; *Boggs* v. *Bindskoff*, 23 id. 65; *Brown* v. *Illinois Central Mutual Ins. Co.* 42 id. 366; *Goggin* v. *O'Donnell*, 62 id. 66; *Greer* v. *Young*, 120 id. 184; *Foreman Shoe Co.* v. *Lewis & Co.* 191 id. 155.) Hence it was proper to allow the plaintiff in the case at bar to submit to the jury the evidence necessary to enable the jury to make and return an assessment of the damages of the plaintiff in case they should find the issues in abatement for the plaintiff.

The case of *Mineral Point Railroad Co.* v. *Keep*, 22 Ill. 9, is cited as supporting the contention of counsel for the appellant company that leave should have been given it to plead over to the merits of the action. Expressions are to be found in the opinion in that case to the effect that it is within the power of the court, in its discretion, to grant leave to plead over to the merits if an issue of

fact on a plea of abatement is tried and found for the plaintiff. But in that case, in the trial court, the defendant pleaded over after a verdict against it on the trial of the issue of fact raised under a plea in abatement without leave of the court. The plaintiff, without objection, joined issue on the pleas in bar, and the defendant was defeated upon the trial upon the merits. The defendant was the appellant in this court, and did not and could not assign as for error the fact it had pleaded over, for that was an error in its favor, and the plaintiff below did not and could not assign it as for error for the reason he did not object in the trial court but joined in issue on the pleas in bar. Therefore the question did not arise for decision in this court. The expressions referred to were made without full consideration of the point, and cannot be regarded as deliberate determinations of the court. This court had previous thereto, in the case of *Moeller* v. *Quarrier*, 14 Ill. 280, laid down the correct rule, that if a defendant is defeated upon the trial of an issue of fact under a false plea in abatement he cannot plead over to the merits, but evidence of the plaintiff's damages should be submitted to the jury with the evidence as to the issue of fact in abatement. In the later decisions hereinbefore cited this doctrine has been uniformly recognized and enforced. It was the rule at the common law. (1 Chitty's Pl. secs. 464, 465; 1 Gould's Pl. 277, 278.) The only purpose of such pleas is to abate the pending action and thus avoid a trial upon the merits, and they are not, therefore, to be encouraged by the courts.

The general rule as to pleas in abatement has been long established that a party who so attempts to abate an action shall, if he presents a plea found, on trial, to be false in fact, be adjudged concluded as to the merits of the action, except as to the amount of the plaintiff's damages. We see no ground, in logic or reason, for the view the pleas here under consideration should be judged by any different rule. They are pleas in abatement of

the writ and do not affect the merits of the action, and parties should not be encouraged to present false pleas of that character by being allowed, in the event of an adverse finding of a jury on an issue in abatement, to plead over to the merits and have a second trial by a jury on pleas in bar. The appellant company in the case at bar was not misled to its prejudice by the expressions in *Mineral Point Railroad Co.* v. *Keep, supra,* to the effect it was in the power of the court to allow the appellant company, if defeated in the issues in abatement, to plead over to the merits and have a second jury empaneled to try the issues in bar, for the reason counsel for appellant were advised by the trial judge that leave would not be given to plead over, but that the evidence as to the damages of the plaintiff would be submitted to the jury with that bearing on the issues in abatement.

It is complained the court erroneously permitted the witness Reike and the witness Hartman, introduced on behalf of the appellee, to testify to certain alleged declarations or admissions of Raphael as to the alleged fact that he was the agent of the appellant company. Agency cannot be established by proof of the declarations and admissions of the alleged agent. But we do not find from the record in this case that the appellant company preferred this as a ground of objection to the evidence of either of said witnesses. After the appellee had completed the examination of the witness Reike, in which the testimony now sought to be complained of was elicited without objection, the appellant company moved the court to strike out all of the evidence of the witness with reference to the statements testified to have been made by Raphael as to his agency, but the court refused to grant the motion, on the ground the evidence had been received without objection and the motion came too late. The appellant company saved an exception to this ruling of the court, but has not raised or argued such exception in this court, hence it must be deemed waived. Mr. Hart-

man, the other witness, stated a conversation had with Raphael in the month of March, 1898, in the course of which were given the declarations or statements of Raphael now sought to be objected to. The only objection made was, that the conversation was incompetent for the reason the service of the summons on Raphael, as the agent, was in November, 1898, and the conversations referred to relate to the existence of the agency in March, 1898, and that proof that Raphael was the agent of the appellant company in March, 1898, had no tendency to prove he was its agent in November, 1898. That objection is not urged or argued in this court, and is deemed waived. Furthermore, upon the question of the alleged errors in the admission of the declarations of Raphael of his agency, we quote with approval the following extract from the opinion of the Appellate Court disposing of the case, viz.: "After a careful examination of all the other evidence we are satisfied that the jury could have reached no different conclusion as to the agency, and that therefore no prejudice resulted to appellant from the admission of this evidence. Excluding all consideration of this evidence, of declarations by Raphael, if the verdict had been for the defendant it would have been against the manifest weight of evidence."

Objection was preferred to the introduction of a copy of the replevin bond, upon which the action on its merits was based, on the ground the loss of the original instrument had not been shown. Counsel for appellee stated that proof of the loss of the bond would be subsequently produced, and the court, on this condition, permitted the copy of the same to be received in evidence. It was not error to admit the copy in advance of the proof of the loss of the original, the order in which evidence is to be received being, to that extent, within the discretion of the court.

But counsel for appellant contends proof of the loss afterwards attempted to be made was ineffectual, in this:

that the suit in replevin in which the bond was given was begun and concluded in the circuit court of Cook county, and that the only evidence that the bond was not among the files in the case in that court was that given by one William J. Henry, who, the appellant's counsel insists, testified he was a deputy clerk of the superior court of said county, and therefore not the proper custodian of the papers and files belonging to the circuit court of Cook county. Counsel for appellee insist the witness testified he was deputy clerk of the circuit court, and that the error was that of the reporter. We find the word "superior" in the answer of the witness as to his official capacity, written in typewriting in the bill of exceptions, has been erased by writing the word "circuit" over it with a pen. This occurs in three places in the testimony of this witness. There are also other erasures in the testimony of this witness, and also in the testimony of many, if not of all, of the other witnesses, and nothing in any of such erasures indicates that they were improperly made. The witness Henry had in his possession, and produced in evidence, the files in the replevin case in the circuit court. The change in his testimony effected by writing the word "circuit" over the word "superior" is consistent with the entire testimony of the witness, and we have no doubt the bill of exceptions, as interlined, truthfully declares the answer of the witness, and that such witness was the deputy circuit clerk.

Appellant's instruction No. 4 asked the court to direct the jury that if Raphael had no relation to the appellant company other than as recited in the instruction he was not the agent of the appellant, within the meaning of the statute authorizing service of summons on an agent of a corporation. The court gave the instruction after adding thereto the following: "But if the jury believe, from the evidence, that Raphael held himself out as the defendant's western agent, and that the defendant knew that he so held himself out, and if you believe also, from the

evidence, that the coroner, by his deputy, served the summons by leaving a copy thereof with Raphael, then such service was sufficient to give the court jurisdiction of the case." The complaint is, that there was no evidence upon which to base the modification. The testimony disclosed the appellant company was formerly represented in Chicago by a Mr. Pfuhl, who occupied a room in the Fort Dearborn building which the appellant company leased, and Raphael succeeded said Pfuhl as the representative of the appellant company and occupied the room as an office, and that the corporate name of the appellant company appeared on the door of this room, together with the following: "Phillip L. Raphael, western agent." A letter from the appellant company to the witness Hartman advised the witness a business matter between them had been referred to "our Mr. Raphael." The evidence disclosed other business transactions which tended to establish Raphael acted as the business representative of the appellant company. There was sufficient evidence on which to justify the modification of the instruction.

It is urged the court erred in advising the jury, in instruction No. 1 given for the appellee, "that if a corporation knowingly and voluntarily permit a person to hold himself out to the world as its agent, said corporation will be bound as principal to those dealing with such person to act upon the faith that such agency exists; and this is true irrespective of whether or not an agency in fact exists." The instruction announces a well settled general rule of law applicable to the relation of principal and agent. The appellant company voluntarily extended its business into this State. It could only transact such business through an agent. It must be presumed it did so with full knowledge that the statutes of the State authorized the courts to obtain jurisdiction of it by the service of a copy of the process issued out of the court, on one of its agents. It sought the aid of the courts of the State to re-possess itself of property that it claimed

it had been illegally deprived of, gave the bond neces-
sary to entitle it to recover the possession of the prop-
erty, and was defeated in the action.   If it provided and
maintained an office in the State which was occupied and
controlled by Raphael, as its agent, for some of the pur-
poses of its business, and knowingly permitted the door
of the office to be so lettered as to advertise said Raphael
as its "western agent," and wrote letters to its customers
referring them to Raphael for the adjustment of its busi-
ness affairs, why should it not be estopped to deny that
Raphael was its agent?   The appointment of an agent
need not be proved by direct testimony that the principal,
by affirmative words, constituted him his or its agent.
The appointment may be established by implication of
law arising out of the conduct of the parties, or by way
of estoppel.   We see no reason why this implication or
estoppel will not arise as well in favor of one who seeks
to serve the process of the courts on the agent as in
favor of one who seeks to bind the principal by the acts
and contracts of the agent.   The jury were not left by
the court to understand that any representative capac-
ity was sufficient to constitute such representative an
agent, within the meaning of the section of the Practic
act in question.   In other instructions the court advised
the jury that a salesman who sells goods for a corpora-
tion on commission, and stands in no other relation to
such corporation, is not such an agent of the corporation
as is contemplated by the statute in question, and that
service of process on such salesman would not confer
jurisdiction of the corporation.   We do not think the
jury were misdirected to the prejudice of the appellant
company.

The cause was heard and the verdict of the jury re-
turned at the May term, 1900, of the circuit court of Cook
county.   The verdict, as returned by the jury, was as fol-
lows: "We, the jury, find that Phillip L. Raphael was the
agent of the Italian-Swiss Agricultural Colony, and was

served with a summons in the above entitled cause on No-
vember 12, 1898, and we assess the plaintiff's damages
at the sum of sixteen hundred and eighty-four dollars
($1684)." The appellant company filed a motion for a new
trial. The cause was continued, with the motion for new
trial pending and undetermined, until the July term, 1900,
of said court. When the motion came up for decision
at said July term the court allowed the verdict to be so
amended to read as follows: "We, the jury, find the is-
sues herein in favor of the plaintiff. We find the debt
to be eighteen hundred (1800) dollars, and we assess the
plaintiff's damages at the sum of sixteen hundred and
eighty-four (1684) dollars." The verdict as framed by
the jury determined both issues submitted, viz., (1) that
Raphael was the agent of the appellant company, and·
(2) that he was served with the summons on the day
named in the return of the officer. As matter of form
there should have been in the verdict an affirmative find-
ing of the issues for the plaintiff, but the omission was
in matter of form, only. In *Wiggins* v. *City of Chicago*, 68
Ill. 372, we said: "It has been repeatedly held by this
court that it is immaterial what the form of the verdict
may be, so that it has the substance of a proper finding."
The verdict as returned was otherwise defective. The
action was in debt, and the finding was that the plaintiff
should recover damages, only. This defect was also but
technical and formal. In *Bodine* v. *Swisher*, 66 Ill. 536, and
perhaps in other instances, this defect in a verdict was
deemed matter of substance; but in *Bowden* v. *Bowden*,
75 Ill. 111, we said these rulings were made without con-
sidering the effect of section 56 of the Practice act, and
that in view of this statute the objection should be re-
garded as merely technical and not affecting the sub-
stance of a good verdict. The verdict in the case at bar
contained the substance of a good return in every par-
ticular. The cause was still pending at the July term,
1900, and the court had full power to amend the verdict

in mere matters of form. (28 Am. & Eng. Ency. of Law, 370, 373.) The fact that the jury had been discharged in nowise affected the power of the court to amend the verdict in matter of form. The authority rests in the court to put a verdict in form where it is, on its face, good in substance and does not depend upon the consent or knowledge of the jury. (28 Am. & Eng. Ency. of Law, 372.) Under sections 2 and 3 of the Statute of Amendments and Jeofails and section 56 of the Practice act we would not reverse the judgment if the verdict had been allowed to remain as returned by the jury. *Hartford Fire Ins. Co.* v. *Vanduzor,* 49 Ill. 489; *Illinois Central Railroad Co.* v. *Wheeler,* 149 id. 525.

The judgment is affirmed.            *Judgment affirmed.*