Central Lumber Co. v. Kelter.

---

## Central Lumber Co. v. John B. Kelter et al.

102   333
a201s 503

1. ULTRA VIRES—*Where the Doctrine is Not Applicable.*—A lumber company organized for the purchase and sale of lumber may legally become surety upon the bond for the performance of a building contract.

2. PRACTICE—*Status of the Pleadings Where Actions Are Changed*

*by Amendments.*—The change of an action from assumpsit to debt does away with all the pleadings not applicable to the action of debt.

3. SAME—*Where Proof of the Execution of a Bond Sued upon is Unnecessary.*—Under the statute proof of the execution of a bond sued upon is unnecessary unless a plea denying its execution, verified by affidavit, is filed.

**Debt**, upon a bond. Appeal from the Circuit Court of Cook County: the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed May 23, 1902.

This is an action originally brought in debt, and subsequently changed to an action of assumpsit, by appellees, against Michael Rafferty, Central Lumber Company and E. A. Thornton, upon an alleged bond, dated June 1, 1895, of Michael Rafferty, and appellant, Central Lumber Company, for the faithful performance of a building contract entered into between M. Rafferty and appellees.

In the original suit in debt, issues were joined upon the defendant Central Lumber Company's plea of *non est factum* verified, M. Rafferty being defaulted.

April 4, 1900, an order was entered granting leave to appellees to change the form of action to assumpsit, and to make E. A. Thornton a party defendant, and an amended declaration was filed consisting of three special counts and the common counts.

Appellant filed three pleas, viz., a plea of the general issue, *ultra vires*, and *non est factum*, verified. Appellees filed additional counts; the plea of *non est factum* of appellant to the amended declaration and the additional counts were stricken from the files. Issues were joined upon the pleas of the general issues, and *ultra vires* as to the amended declaration and additional counts filed by appellant. A trial was had before the Honorable Elbridge Hanecy and a jury, and a verdict was rendered for $1,385.75. Appellees remitted $11.33, and judgment was entered for $1,374.42, from which judgment appellant perfected an appeal.

Appellees made a contract with Michael Rafferty, contractor, for the erection and completion on or before September 1, 1895, of three buildings at a cost of $8,400, pay-

Central Lumber Co. v. Kelter.

ments to be made on certificates of appellee M. Kelter, superintendent, as the work progressed.

The contract expressly provided :

" Payments to be made from time to time, according to the provisions of section 35 of the law of Illinois, referring to sub-contractors' liens, as in force since July 1, 1887, and as amended and in force July 1, 1891; also furnishing, whenever requested, to the party of the second part, a release from any liens or right of lien. * * * First payment to be made when the first floor joists are laid and covered with lining. Second payment when the buildings are under roof. Third payment when plastering is done, and the final payment when the buildings are completed and accepted by its superintendent and owners.

" It is agreed by said parties that the twenty per cent agreed to be reserved shall be held by the proprietor as security for the faithful completion of the work, and may be applied under the direction of the superintendent in the liquidation of any damages under this contract."

Upon the same date, June 1, 1895, Rafferty as principal and appellant as surety entered into bond to appellees conditioned for the faithful performance by Rafferty of his contract with appellees. The bond was signed as follows :

" M. RAFFERTY.                               [SEAL.]
        CENTRAL LUMBER COMPANY.       [SEAL.]
                per E. A. Thornton.        [SEAL.]
Sealed and delivered in the presence of :
                               EDWARD KELTER."

E. A. Thornton was a salesman for the Central Lumber Company, and sold the lumber to the contractor, M. Rafferty, which was used in the construction of the building described in the contract. The bill for lumber amounted to about $700. On the third day of June, 1895, Mr. Wheeler, also a salesman and clerk for the Central Lumber Company, wrote the following letter to the appellees :

" In the matter referred to in your favor of the 1st inst., we beg to say that we ratify Mr. Thornton's signature to the bond mentioned, and will see that the conditions are carried out."

October 10, 1895, Messrs. Knight & Brown wrote to the Central Lumber Company :

" OCTOBER 10, 1895.

CENTRAL LUMBER COMPANY,
        No. 145 Elston Avenue, City.
    *   *   *   You will remember that Mr. Rafferty entered
into a contract with Mr. John B. Kelter and M. Kelter for
the erection of buildings for the sum of $8,400.

On the same day Mr. Rafferty entered into a bond for
the faithful performance of this contract in the penal sum
of $3,000, with the Central Lumber Company as surety.

Mr. Rafferty has not yet completed the buildings as pro-
vided in his contract, and it may be a week and even more
before the buildings are completed in accordance with the
contract, and of course the Messrs. Kelter are entitled to
liquidated damages for the delay, as provided by the con-
tract.

You will, therefore, see, that independent of the question
for damages for delay, there will be owing to the Messrs.
Kelter after these sub-contractors and laborers have been
paid, the sum of $1,248.08 from Mr. Rafferty.

We send you this statement so that you may be fully
advised in the premises, and we will act upon your instruc-
tions in the matter as to the payment of these sub-contrac-
tors.   Trust that we may hear from you by return mail, as
some of the sub-contractors are becoming very imperative
in their demands for payment.   We are,
                              Yours very truly,
                                    KNIGHT & BROWN."


LOESCH BROS. & HOWELL, attorneys for appellant.

KNIGHT & BROWN, attorneys for appellees.

MR. JUSTICE WATERMAN delivered the opinion of the court.
    The Central Lumber Company was organized for " the
purchase and sale of lumber and all adjuncts for carrying
on a general lumber business."

In order to sell lumber to Rafferty, a builder, it became
surety upon his bond for the performance of a building con-
tract.   The guaranty was within the scope of its chartered
powers.   Richelieu Hotel Co. v. Military. Enc. Co., 140 Ill.
248–263; same v. same, 41 Ill. App. 268; McCrory v. Cham-
bers, 48 Ill. App. 445; Standard Brewery v. Kelly, 66 Ill.
App. 267; B. S. Green Co. v. Blodgett, 55 Ill. App. 556;
same v. same, 159 Ill. 169.

The change of the action from debt to assumpsit did away with all pleadings not applicable to an action of assumpsit. Lehman v. Siggeman, 40 Ill. App. 276; Hogan v. Ross, 13 How. (U. S.) 173–183.

The action of assumpsit is based upon a promise, express or implied. In assumpsit a promise is always alleged. An issuable plea to the merits therein is necessarily, in effect, a denial of the alleged promise.

The plea of *non est factum* is not a denial of a promise but a denial by a defendant that some alleged deed is his deed.

In the present case the special counts in assumpsit are based upon the bond; and proof of it was necessary to a recovery under such counts.

Under the statute the execution of this bond, a copy thereof having been filed, could not, upon trial, be denied, unless a plea denying the execution of the same was filed, verified by affidavit. Sec. 34, Chap. 110, R. S.

Appellant contends that having filed a verified plea of *non est factum* in the action of debt, when that action was changed to assumpsit the plea of *non est factum* remained and was a good plea to the declaration in assumpsit, appellant insisting that the plea of *non est factum* was an answer to the declaration in assumpsit. We are not aware of any authority so holding.

In Hinton v. Husbands, 2 Scam. 186, the Supreme Court speak of a plea in an action of assumpsit framed from precedents for the plea of *non est factum* in debt or covenant, " to which the action of assumpsit has a marked similitude," as if the court might have held the plea sufficient, had it not concluded with a verification, instead of to the country; as it was, a demurrer thereto was sustained. The plea in that case, notwithstanding its framework from precedents for the plea of *non est factum*, goes on to say that the defendants did not undertake and promise, etc., thus being, with some surplusage, a plea of the general issue in assumpsit.

This certainly is not an authority for the interposition of the plea of *non est factum* to a declaration in assumpsit. Neither Wolverton v. Sumner, 53 Ill. App. 115, nor Bailey

v. Valley National Bank, 127 Ill. 332, support the contention of appellant. Whatever service the verified plea of *non est factum* might in any view have filled, it performed none because it was by order of the court stricken from the files, June 2, 1900.

There being no verified plea denying the execution of the bond, it was not necessary to prove such execution.

The letter signed " Central Lumber Company," and dated June 3, 1895, was properly admitted in evidence. It purported to be from appellant, was apparently upon its office stationery, signed by its name, and was addressed to appellees. The only objection made thereto was that it was "incompetent, irrelevant and immaterial."

The question as to its admission is not whether a sealed instrument can be ratified by one that is not sealed, but, was the letter admissible for any purpose.

It is insisted that appellees did not reserve the twenty per cent which, under their contract, they might, and that it was their duty toward appellant to have done so. Had this twenty per cent been reserved, the effect would have been that the claims of appellees would have been increased by the amount of the reservation and then could have been diminished when appellants demanded, as they properly might, that it should be applied in reduction of the amount owing by Rafferty. This application has been made and appellees have had the full benefit thereof. Statements were from time to time made by Rafferty, apparently in attempted compliance with the mechanics' lien law.

No building liens appear to be resting on the premises; had there been, they would have added to the claim against appellant; as it is, appellant has no cause for complaint growing out of mechanics' liens, which attention on the part of appellees might have prevented.

Undoubtedly appellees were bound to do nothing which would necessarily increase the burden of appellant; they had notice of its relation and were required to act accordingly.

So far as appears, they did so; at least no act of theirs appears to have been prejudicial to appellant.

The judgment of the Circuit Court is affirmed.