RICHARD L. BOGGS, Appellant, *v.* ADOLPH BINDSKOFF *et al.*, Appellees.

#### APPEAL FROM CLAY.

Our statute does not authorize the issuing of an attachment, merely because a party resides in another county than that in which he transacts business, or merely because he goes into another State, if there is not any intention on his part to avoid service of process, or to remain away permanently.

The plea traversing the allegations in an affidavit for an attachment, if found in favor of the pleader, defeats the particular writ, but does not touch the merits of the action.

The jury which tries the issue raised by such a plea, if the finding is for the plaintiff, should also find his damages; and if none have been proved, nominal damages should be reported. The affidavit upon which the attachment issues is not evidence to the jury.

It is error to call a second jury to assess damages, after a trial, on the plea of abatement.

THIS suit was commenced by attachment by appellees against appellant. Affidavit alleges that " defendant conceals himself and evades the officers, so that the ordinary process of the law cannot be had or served on him."

Attachment was sued out on the 22nd April, 1858, was levied on property on that day, and served on defendant below on the 24th day of same month.

Declaration in assumpsit in usual form.

Defendant pleads in abatement that he " did not conceal himself and evade the officers as alleged."

At May term, 1859, KITCHELL, Judge, presiding, issue being joined on the plea, a jury was called, and after hearing the evidence, found the following verdict : " We, the jury, find for the plaintiff." Defendant below was then called, and not appearing, it was adjudged by the court that he be considered in default, and that a jury be called to assess damages, who returned a verdict for appellees for $2,120.93. Judgment was entered on the verdict. Defendant below took this appeal.

BOWMAN & HARROW, and E. BEECHER, for Appellant.

HAYNIE & BRYAM, for Appellees.

CATON, C. J. The court erred in this case in refusing proper instructions asked by the defendant as to what constitutes an absconding or concealment so as to justify the issuing an attachment, and the finding of the jury was against the evidence. Indeed the evidence does not tend to show an absconding or concealment as contemplated by our attachment law. The proof shows that the defendant resided in Wayne county, and had resided there for fifteen years as a practising physician. His place of residence was public and notorious to all who did business with him, and the sheriff of that county never had any difficulty in serving process on him, a duty which it seems he frequently had to perform. He had a store in Clay county where this attachment issued, but he was under no obligation to go to Clay county that he might be there sued, nor if there, was he under any obligation to stay longer than his ordinary business required, so that any of his creditors might there sue him. Even if he knew there was process out against him, he

was not bound to remain any longer than his business required, that he might be served with such process, but he had an undoubted right to return to his residence in Wayne, or to any other place where his business demanded his presence. The evidence shows that he went to St. Louis upon his ordinary and legitimate business, and not for the purpose of evading any legal process. Indeed it is not shown, and we have no reason to believe that he knew, that there was (nor was there in fact) any process out against him, or that he even suspected that any of his creditors contemplated taking out any process against him. This whole proceeding looks to us like a gross abuse of the extraordinary process of attachment. It is evident that the plaintiff did not wish to sue the defendant in the county of his residence because he feared he would not get so speedy a trial there as he could in some county where there was less business in the court. Wayne county was the place of his residence, and the court of that county was the one ordinarily entitled to jurisdiction over him, and he was not bound to submit to the jurisdiction of any other court, unless he chose to go or remain beyond the limits of that county that process might be served on him. This verdict was manifestly wrong upon the evidence.

The plea traversing the allegations of the affidavit was a plea in abatement and subject to the incidents of such a plea. It is called a plea in abatement by the statute allowing it, and its object and office is that of such a plea as known to the common law. It is a dilatory plea. Its effect, if found to be true, is to defeat the particular writ, and does not touch the merits of the action. Whether under our statute this plea may be allowed a double aspect by denying the indebtedness sworn to in the affidavit, as well as the facts stated which authorize the writ to be issued, it is not necessary now to decide. It is the duty of the jury which tries the issue formed by such a plea, if they find the plea untrue, to assess the plaintiff's damages, and if, as in this case, the plaintiff proves no damages, the jury should report nominal damages. The seventh instruction asked for by defendant should therefore have been given. That instruction was as follows: "The plaintiff cannot recover in this action his damages unless he first proves those damages, and the affidavit is not evidence for that purpose." As this instruction was applicable to the then condition of the case, it should have been given. By its refusal the court left a pregnant inference, at least, that the affidavit was proof of the amount of the plaintiff's damages.

But the verdict was defective in not reporting any damages for the plaintiff, and for that reason the court should have set it aside and awarded a *venire de novo*. It simply found the issue

for the plaintiff. The case was then in the same position as it would have been with such a verdict upon a plea of *non assumpsit.* In neither case could the plaintiff avail himself of the finding so far as it went, and ask for another jury to complete so much of the work of the first jury as they had left undone. The court erred in calling the second jury to assess the plaintiff's damages. Had the court permitted, without objection by the plaintiff, and the defendant had chosen to file a plea to the merits after the first finding, as was the case in *White* v. *Wilson,* 5 Gilman, 21, it would have been too late for either party to question it after trial of that issue.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*