BARBARA SCHRAM, impleaded by the name of Barbay Schramm, Plaintiff in Error, *v.* THE PEOPLE OF THE STATE OF ILLINOIS, Defendants in Error.

### ERROR TO THE RECORDER'S COURT OF CHICAGO.

Where several are indicted for a misdemeanor, and issue is joined on a plea of misnomer filed by one, and the others plead not guilty, it is not necessary that a separate jury should pass upon the plea of misnomer; the whole of the issues may be presented to the same jury, and a general finding of guilty will justify a judgment.

A finding upon the plea of misnomer against the party, will justify the same sentence as would the verdict of guilty.

Proceeding to trial without objection by the person who had pleaded the misnomer, would indicate an intention to submit all the issues to the same jury.

THIS indictment charges the commission of a riot, by Barbay Schramm, Louis Schramm and Benedict Schramm, May 10, 1861, in the city of Chicago, by beating and making assault upon one Wolf Schaffer, etc.

Plea of not guilty, by Louis Schramm and Benedict Schramm.

Barbara Schramm filed a plea in abatement, stating that her sole true and proper name is and ever was Barbara Schramm, and not Barbay; that she is and was always solely known by and under the name of Barbara, and never by or under that of Barbay; concluding with a prayer of judgment of the indictment, etc.

Replication: That she, the said Barbara Schramm, is known as well by the name of Barbay as by that of Barbara; concluding to the country, etc.

Issue joined.

Jury called, and evidence being heard, they return their verdict:

"We of the jury find the defendants, Barbay Schramm and Benedict Schramm, guilty; recommend them to the mercy of the court; and Louis Schramm not guilty."

Judgment: That said defendants, Barbay Schramm and Benedict Schramm, pay all the costs of these proceedings, and that execution issue therefor.

The errors assigned are:

In trying the issues upon the plea in abatement and not guilty, together, by the same jury.

The verdict of the jury was erroneous, and contrary to law, in not passing upon the plea in abatement, and finding Barbara Schramm guilty, when the question of her guilt was not in issue before them.

The judgment of the court was erroneous, in that the court sentenced plaintiff in error while the plea in abatement remained undisposed of.

ARTHUR W. WINDETT, for Plaintiff in Error.

The court erred in trying the persons accused all together upon the indictment, instead of impanneling a jury to try the truth of the plea in abatement; which, if true, must have caused the acquittal of plaintiffs in error: Barbara, upon her plea in abatement, and of Benedict Schramm, because Louis being innocent, as is proved by the verdict, Benedict could not have alone been guilty of riot, and could not have been convicted of it.

The verdict was wrong. It should have found the truth or falsehood of the plea in abatement, upon which issue was joined, and not the guilt of Barbara Schramm, when that issue was not before them.

The judgment of the court was wrong in passing sentence upon Barbara Schramm, when her plea in abatement was undisposed of.

By the verdict of the jury, Louis Schramm was not guilty of the alleged riot. In legal presumption, Barbara Schramm, while her plea in abatement was undisposed of, could not be held guilty of it; consequently, Benedict Schramm alone and by himself could not have been guilty of the riot, as charged,

and should have been acquitted, and discharged from the indictment.

D. P. JONES, for the People.

WALKER, J. Plaintiff in error filed a plea of misnomer, to which the defendants in error replied, that she was as well known by the name by which she was indicted, as by that averred by the plea to be her true name. Issue to the country was taken upon the replication. The other defendants pleaded not guilty. A jury was impanneled, the cause was tried, and resulted in a verdict of guilty as to plaintiff in error, and Benedict Schramm, but not guilty as to Louis Schramm. It is assigned for error, that a jury was not impanneled to try the issue on the plea of misnomer, and that it remained undisposed of when the judgment was rendered imposing the fine.

This issue, like all others of fact, is one for a jury. Nor is any objection perceived, to its being presented for trial by the same jury who are impanneled to try the plea of not guilty, interposed by the other defendants. On the trial, the evidence would be before the jury, and acted upon by them, as intelligibly, as if presented as a separate issue. And the presumption is, that such evidence was presented and considered by the jury. Had they returned a formal verdict on this issue, that plaintiff in error was as well known by one name as the other, it would have been the duty of the court to have rendered judgment and imposed the fine, precisely as upon a verdict of guilty. Such is the practice in prosecutions for misdemeanors. 1 Chit. Crim. Law, 451. It would have been regular, if the jury had returned a formal verdict on this issue against plaintiff in error, and also a verdict, that she was guilty as charged in the indictment, upon which the court would have rendered a judgment imposing the fine.

To return such a verdict, would by no means deprive a party of his rights, but would, on the contrary, enlarge them. When plaintiff in error was placed upon trial with the other defendants, and no objection made to the mode of trial, it would appear to have been the intention of all parties, to sub-

mit the issue on the plea in abatement, and if found against her, then the issue of not guilty, to the consideration of the jury. They having found a verdict of guilty against her, the presumption that both issues were tried, and found against her, must control, and the judgment should not be reversed because the jury have not said in terms, that they have passed upon both issues. Although informal in this respect, we regard the verdict sufficient to sustain the judgment.

The judgment of the court below is affirmed.

*Judgment affirmed.*