WILLIAM GOGGIN

*v.*

WILLIAM T. O'DONNELL.

1. PLEA IN ABATEMENT—*non-joinder of secret partner.*  In an action of assumpsit to recover the value of services rendered, the defendant pleaded in abatement the non-joinder of his alleged partner :  *Held* that proof showing there was such a partner, but that he was a secret partner, and of whom the plaintiff had no knowledge at the time he was employed by the defendant, would not support the plea.

2. SAME—*assessment of damages when issue is found against the defendant, whether jury should assess them.*  Where a plaintiff takes issue on a plea in abatement, and the jury find against the defendant, they should assess the plaintiff's damages so that final judgment may be given.  It is not necessary to swear the jury specifically to assess the damages, but swearing them to well and truly try the issue joined between the parties, and a true verdict render according to the evidence, includes the assessing of the damages.

APPEAL from the Circuit Court of Cook County ; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. MOORE & CAULFIELD, for the appellant.

Mr. JOHN A. HUNTER, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court :

This was a suit in assumpsit, to recover the value of services rendered.

There was an issue of fact on a plea in abatement of the non-joinder of an alleged partner, which was tried by a jury, and found for the plaintiff, and his damages were assessed by the jury.

The first point urged as a ground for the reversal of the judgment is, that the verdict is against the evidence.

There was proof of the existence of a partner with the defendant, in the business in which he had employed the plaintiff, but the evidence went strongly to show, that he was but a secret partner, and that the plaintiff had no knowledge of the fact at the time he was employed, and, in that case, the plea would not be supported. 2 Greenlf. Ev., § 25 ; *Page* v. *Brant,* 18 Ill. 37.

The testimony was conflicting in regard to the amount of the plaintiff's claim, but there was evidence to justify the amount of damages as found by the jury ; and we can not say the verdict is unsupported by the evidence.

It is next objected, that the jury on finding the issue for the plaintiff, assessed his damages. It is said the jury were only empaneled and sworn to try the issue joined, which was, were defendant and Lyman partners, at the time when, etc. ? that the jury had only to answer this question in the affirmative or negative, and that question answered, their duty was ended, and they should not have assessed the damages.

But the duty of the jury was just the reverse, under the law.

If the plaintiff take issue upon a plea in abatement, he ought to pay damages, because if it be found against the defendant, the jury must assess the plaintiff's damages, and final judgment is to be given. 1 Chit. Pl., 498 ; 2 Saund., 211 n. 3.

It was not necessary that the jury should have been sworn specifically to assess the damages.  Being sworn to well and truly try the issue joined between the parties, and a true verdict render according to the evidence, included the assessing of the damages.

We perceive no error in the instructions given on either side.

The judgment of the court below is affirmed.

*Judgment affirmed.*