## Metzger v. Huntington.

1. SERVICE OF PROCESS—*Read to Wrong Person, but in Presence of the Right.*—Where a summons is read in the hearing of a defendant, though the officer addressed himself to his clerk, both the clerk and he being aware of the officer's mistake, *it was held* that as what is read in the hearing of several persons, is read to all of them, even though the reader addresses only one specially, the service was sufficient.

2. INSTRUCTIONS—*Should be Accurately Drawn.*—On the trial of a plea in abatement, that the defendant, W. M., had not been served with process, the court refused to instruct the jury: "If you believe from the evidence that J. G. C. was a legally appointed deputy sheriff, and was acting in that capacity upon the seventh day of April, 1893, and that upon that day he read the summons introduced in evidence to G. R., a bookkeeper in the office of W. M., and at that time, nor at any other time did he read said writ to W. M., then your verdict should be for the defendant." *It was held*, rightfully refused, even if it meant what it was intended to mean; but, "at that time, nor at any other time, did he read," etc., are not words that negative reading "at that time;" probably the writer meant to put "neither" before them.

3. VERDICT—*Form of, in Abatement.*—In the trial of an issue in abatement, the jury returned the following verdict: "We, the jury, find the issues for the plaintiff." *It was held* to be proper, as the issue was not for damages.

**Memorandum.**—Abatement to the service of process. Error to the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed December 21, 1893.

The statement of facts is contained in the opinion of the court.

L. H. BISBEE and W. N. GEMMILL, attorneys for plaintiff in error.

BRIEF FOR DEFENDANT IN ERROR, DEFREES, BRACE & RITTER, ATTORNEYS.

It was generally held in England that anything which brought home personal knowledge of the writ to the defendant, constituted a good personal service. Williams v. Pigott, 1 M. and W. 573; Rhoades v. Innes, 7 Bing. 329; Phillips v. Ensell, 2 Dowl. P. C. 684.

The jury having found that the defendant was duly served, the next question which arose was as to the kind of judgment which should be entered—the plaintiff demanding judgment *quod recuperet*, and the defendant insisting that the judgment should be *respondeat ouster*.

The court assessed the damages and entered judgment for the plaintiff for the amount of the judgment, and for damages in an amount equal to the interest thereon.

Where an issue of fact is made by plea in abatement and the verdict is for the plaintiff, the judgment to be entered on the verdict is final—*quod recuperet*. 1 Saunders' P. and E. 5 (4th Am. Ed.); Stephen's Pleading, 104; 1 Tidd's Practice, 640 (4th Am. Ed.); Gould's Pleading, 277; 1 Chitty's Pleading, 464.

This is the practice in Illinois. Moeller v. Quarrier, 14 Ill. 280; Brown v. Ill. C. M. Ins. Co., 42 Ill. 366; Goggin v. O'Donnell, 62 Ill. 66; Greer v. Young, 120 Ill. 184–191; Rubel v. Beaver Falls Co., 22 Fed. Rep. 282.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This was an action upon a judgment in Indiana, in favor of the defendant in error against the plaintiff in error, who pleaded in abatement that he was not served with process in this action.

The jury found against him upon evidence conflicting, it is true, but which upon one side justified the conclusion that the summons was read in his hearing, though the officer addressed himself to Metzger's clerk; both the clerk and Metzger being aware that the officer thought that the clerk was Metzger. No authority is cited or argument made that evidence of such service would falsify the return of service.

It is doing no violence to the English language to say that what is read in the hearing of several persons, is read to all of them, even though the reader addresses only one specially.

The plaintiff in error asked, and excepted to the refusal, of this instruction:

" The jury are instructed that if you believe from the evi-

dence that John G. Campbell was a legally appointed deputy sheriff, and was acting in that capacity upon the seventh day of April, 1893, and that upon that day he read the summons introduced in evidence to George Robertson, a bookkeeper in the office of William G. Metzger, and at that time, nor at any other time did he read said writ to William G. Metzger, then your verdict should be for the defendant."

This was rightfully refused even if it meant what it was intended to mean; but "at that time, nor at any other time, did he read," etc., are not words that negative reading "at that time;" probably the writer meant to put "neither" before them. The serious question of law in the case arises upon the verdict and subsequent action of the court.

The verdict was: "We, the jury, find the issues for the plaintiff." Had the action been for damages, this verdict would have been a nullity, as the same jury should have assessed them. Boggs v. Bindskoff, 23 Ill. 66; Moeller v. Quarrier, 14 Ill. 280.

These are cases under former statutes when the traverse of the affidavit in attachment was in abatement, but the same rule obtains when the summons is attacked for extrinsic matter in abatement. Green v. Young, 120 Ill. 184.

Strictly, even on an indictment for a misdemeanor, if the defendant plead in abatement, and it be found against him, that is the end of his defense, and the court proceeds to judgment. Schram v. People, 29 Ill. 162.

Here the action was not for damages, but for a debt of record. With the existence of that record the jury had no concern. It was a matter upon which the court only could pass. 2 Tidd, 741 *et seq.*, and notes.

The jury having done all for which they were competent, it necessarily followed that the court must do the rest. Rust v. Frothingham, Breese, 331.

These views dispose of all questions made in the case and the judgment is affirmed.