# Equitable Produce and Stock Exchange v. Christopher Keyes.

1. AGENCY—*Defined—An Improper Definition Criticised.*—An agent is one who undertakes to manage some affair for another by the authority and on account of the latter, who is called the principal, and to render an account of it; and an instruction which tells a jury to find that a person was acting as agent for the defendant, if they believe from the evidence that such person " was transacting business for the defendant " is vague and indefinite and lacks the precision which is required in a legal definition.

2. SERVICE OF PROCESS—*On Agent—Relation Must Exist at Time of Service.*—It is not necessary for a principal to give notice of the termination of the relationship to those transacting business with his agent, so far as the matter of service of process is concerned, and if a person served with summons as the agent of a defendant is not at the time of service the agent of such defendant, the service is bad.

3. PLEADING—*Corporation May Plead to the Merits after a Defeat on Plea Denying Agency of Person Served.*—When a suit is instituted against a corporation whose president and place of business are out of the county where the suit is brought, and process is served on a supposed agent of the company, the fact of agency may be put in issue, and if

found against the company, leave should be given to plead to the merits.

Assumpsit, on the common counts.    Appeal from the Circuit Court of Macoupin County; the Hon. Jacob Fouke, Judge, presiding.    Heard in this court at the May term, 1896.    Reversed and remanded.    Opinion filed November 21, 1896.

A. N. Yancey and Francis A. Riddle, attorneys for appellant.

Frank W. Burton, attorney for appellee.

Mr. Justice Wall delivered the opinion of the Court.

The action of assumpsit was commenced by appellee against appellant, a corporation, in the Circuit Court of Macoupin County.    A summons was issued directed to the sheriff of that county for service, and was returned served by delivering a copy to " F. C. Curtis, agent of said corporation, in said county, the president and secretary of said company not found in my county, this 3d day of September," etc.

The defendant filed a plea to the jurisdiction, averring that at the time of the commencement of the suit it was resident in Cook county, and that at the date of said service the said Curtis was not its agent.

The plaintiff replied that said defendant had a place of business in said Macoupin county, and at the time of said service the said Curtis was an agent of said defendant.    The issue thus raised was tried by a jury and found for plaintiff.

The evidence tended to show that defendant was located in Chicago in the business of buying and selling grain, etc., on commission, and that Curtis was located at Carlinville, having direct communication with the defendant by private wire.    When a person wished to buy or sell on the Chicago market he could give his order to Curtis, who would transmit it by wire to the defendant for execution.

The defendant claims that it always carried the account with Curtis, paid him a commission for the business and held him responsible in respect thereto, and that it did not know the person giving him the order.

He was called the correspondent of defendant, and it is insisted he was in no respect its agent as that term is used in Sec. 5 of the practice act, relating to service on corporations.

An agent is one who undertakes to manage some affair to be transacted for another by his authority on account of the latter who is called the principal, and to render an account of it. Bouvier Law Dic., Vol. 1, p. 84.

We are not disposed to determine on the evidence now before us whether Curtis was the agent of the defendant, or whether he was transacting the business with plaintiff on his own account, his relation with the defendant being that of correspondent merely. A determination of that question may go to the merits of the case, and it is not proper now that we should indicate any opinion upon the point.

In several of the instructions given for the plaintiff the jury were told that if they believed from the evidence that at the time of service Curtis was " transacting business for defendant," then they should find for the plaintiff. The expression so used is quite vague and indefinite, and lacks the precision which is required in a legal definition. A jury might believe he was transacting business for defendant in a general way, and yet not be able to say that he was the agent of defendant as the law defines that term. Was he managing the business for defendant, upon its authority and for its account, the latter being the principal and having the right to call upon the plaintiff the same as though it had directly dealt with him, or did the plaintiff deal with Curtis only, and had he the right to call upon Curtis to respond in his own personal capacity ?

We think these instructions were calculated to mislead the jury.

Another instruction was as follows :

" The court instructs the jury that if they believe from the evidence that F. C. Curtis was employed by the defendant to transact the business of the defendant at Carlinville, Illinois, as agent, prior to the service of the summons in this

case, and that at the time of the service of the summons he was still transacting business in the same ostensible manner, and that prior to that time the defendant had given no notice to those transacting business with said Curtis that he had ceased to represent it in that business, then the jury should find for the plaintiff."

It is not perceived why it was necessary for defendant to give notice to those transacting business with Curtis that his relation with defendant had ceased so far as the matter of service is concerned. If he was not at the time of service the agent of defendant, the service was bad.

Possibly those who had been dealing with him as an agent might continue to deal with him in that capacity and in the way as formerly, and rely upon his agency until notified to the contrary. We say possibly this might be so, but if so it would be upon the ground that for some reason growing out of the particular circumstances the principal should be estopped to deny the agency. But how can such doctrine find application here?

The officer could not insist upon the supposed estoppel for he never had any prior dealing with Curtis, and he was put in no other or different position than if he had never heard of the supposed agency; neither can the plaintiff, for he has not been misled. He has not changed his position because he supposed the agency was continued. He has parted with nothing and lost no right by reason of anything done by the defendant in that regard. This instruction was erroneous, and in view of the testimony which tended to show that the relation of Curtis with defendant had ceased several days before the service, was calculated to mislead the jury. There was error in giving this instruction.

After the jury had rendered their verdict the plaintiff moved the court to impanel a jury to assess the plaintiff's damages, and the defendant entered a cross-motion for leave to plead to the declaration and tendered a plea of non-assumpsit. The court allowed the motion of plaintiff and denied the cross-motion. A jury was impaneled and the damages were assessed at $5,425, of which the plaintiff remitted $275, and took judgment for $5,150.

If the plea filed by defendant denying that Curtis was its agent is to be regarded as a plea in abatement, pure and simple, as that plea was known and understood in the common law practice, then the jury which found the issue of fact for the plaintiff should have assessed the damages, and their failure to do so made it necessary to award a *venire de novo* since the omission could not be supplied by a writ of inquiry.

At common law when a plea in abatement is regularly put in, the plaintiff must reply to it or demur. If he reply and an issue of fact be thereupon joined and found for him, the judgment is peremptory, *quod recuperet;* but if there be judgment for the plaintiff on demurrer to plea in abatement or replication to such plea the judgment is only interlocutory, *quod respondeat ouster.* The judgment for defendant on a plea in abatement, whether it be on an issue in fact or in law, is that the writ or bill be quashed. 1 Tidd Pr., 641–2; 1 Chitty Pl., 465–6.

In the case of Boggs v. Bindskoff, 23 Ill. 66, the Supreme Court held that a plea traversing the averments of an affidavit in attachment was a plea in abatement and subject to the incidents of such a plea, and that where a jury found for plaintiff without assessing the damages it was error to call another jury for that purpose.

In the case of Mineral Point Railway v. Keep, 22 Ill. 9, service was had upon certain persons as agents of a defendant corporation and it was attempted by affidavits to show that the persons so served were not in fact agents of the corporation. It was held that the question could not be raised in that way, and in discussing the subject the court said : " We are not inclined to think the return of the officer, as to the fact of agency, when a corporation is sued, should be conclusive. Great injustice and ruin to incorporated companies might be the consequence, had the officer the undisputed power to select any person he might choose, as the agent of the company sued, and serve the process upon him. That he was the agent must be held to be a fact open to the country. An officer's return is not conclusive of all the

facts stated in it, as, where he returns upon a *fi. fa.*, money made and paid to the plaintiffs, the payment is a fact which may be contested.   So in this case, the fact that J. R. Booth was the agent and Dexter the conductor, is not conclusively established by the return; it can be contested.   Our statute authorizing service of process on an agent or conductor is an innovation upon the ancient practice, and no greater force and effect should be given to it than is absolutely necessary.   When a party sues an incorporated company, whose president and whose place of doing business is out of the county where suit is brought, and causes his process to be served on one whom he chooses to consider the agent of the company, it is no hardship to require him to prove such person was the agent.   We think, therefore, that the fact of agency could have been put in issue by plea in abatement of the writ, the defendants appearing for that purpose only. By such practice, no injustice can be done.   If the issue is found against the company, and the fact of agency established, leave will always be given to plead to the merits."

While the plea here indicated is called a plea in abatement, it is evident the court did not regard it as subject to all the incidents of such a plea under the practice at common law.   As was remarked, the statute authorizing service of process against a corporation upon a mere agent is an innovation upon the ancient practice, and it was necessary to devise some means whereby the fact of the alleged agency might be put in issue.   We understand the court intended to lay down a rule of practice to be applied in future cases; hence, its remark that if the issue is found against the company leave will always be given to plead to the merits, should not be deemed *obiter dictum*.   It does not appear that the court has ever withdrawn the remark, and so far as we are advised the rule indicated has been followed in practice.

But if the court had not said so we should be inclined to hold so.   The plea is with reference to a matter unknown at common law, and while called a plea in abatement for the want of a better term, it should not be regarded as such

in respect to the form of the judgment. A defendant corporation should not be compelled to stake its right to contest the merits upon the result of the issue as to whether the person served was in fact its agent. We are of opinion that the court erred in refusing leave to file the plea of non-assumpsit.

The judgment will be reversed and the cause remanded for proceedings consistent with the views herein expressed.