## Italian-Swiss Agricultural Colony v. James Pease, Sheriff, etc.

1.  PRACTICE—*When a Judgment Quod Recuperet is Proper—Abatement.*—Where an issue of fact is joined upon a replication to a plea in abatement and such issue is found for the plaintiff, the jury should assess the damages.  The judgment is peremptory, *quod recuperet* and not *quod respondeat.*

2.  VERDICTS—*On Issues of Fact Formed by Replication to Pleas in Abatement.*—A verdict on an issue of fact formed by a replication to a plea in abatement in an action of debt on a replevin bond, is responsive to the issue submitted, although it does find the amount of the debt and sufficient to sustain a judgment entered upon it.

**Debt,** on a replevin bond.  Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.  Heard in this court at the October term, 1900.  Affirmed.  Opinion filed July 8, 1901.

**Statement.**—Appellee brought this suit in debt against appellant, as principal on a replevin bond.  The original writ of summons was returned by the coroner as follows:  .

"Served this writ on the within named Italian-Swiss Agricultural Colony, a corporation, impleaded, on R. H. Raphael, western agent, by reading the same to him this 4th day of October, 1898.

GEORGE BERZ, Coroner."

An alias writ was returned as follows:

"Served this writ on the within named Italian-Swiss Agricultural Colony, a corporation, by delivering a copy thereof to Philip L. Raphael, western agent of said corporation, this 12th day of November, 1898. The president, etc., not found.

GEORGE BERZ, Coroner."

Appellant entered a special appearance for the purpose of attacking the return. Two verified pleas in abatement were filed. The first plea sets forth the last summons and the return thereon, and it avers that the same should be quashed because the return is wholly false in that it recites that Raphael is appellant's agent. The second plea sets forth the summons and return thereon, and charges that said return is wholly false and untrue in this: that the same recites that said writ was served upon appellant by delivering a copy thereof to said Raphael; but on the contrary avers that said summons was not so served and no copy thereof left with said Raphael.

To each of these pleas replications traversing the averments of the pleas and concluding to the country were filed.

Upon the trial, evidence was introduced by each litigant upon the issue raised by the pleas in abatement, and appellee was also permitted, over the objection of appellant, to present evidence as to his damages.

The jury returned the following verdict:

"We, the jury, find that Philip L. Raphael was the agent of the Italian-Swiss Agricultural Colony, and was served with a summons in the above entitled cause on November 12, 1898, and we assess the plaintiff's damages at the sum of sixteen hundred and eighty-four dollars ($1,684)."

After the jury had been discharged and pending appellant's motion for a new trial, the court, upon affidavits of the jurors that it was their intention to find the issues for appellee, amended the verdict to read as follows:

Italian-Swiss Agricultural Colony v. Pease.

" We, the jury, find the issues herein in favor of the plaint-
iff; we find the debt to be eighteen hundred ($1,800) dollars,
and we assess the plaintiff's damages at the sum of sixteen
hundred and eighty-four ($1,684) dollars."

Appellant objected to this amendment.

The motion for a new trial was overruled and judgment
was entered upon the verdict.   From the judgment this
appeal is prosecuted.

J. Henry Kraft, attorney for appellant.

Oliver & Mecartney, attorneys for appellee.

Mr. Justice Sears delivered the opinion of the court.

The chief contention urged and argued by counsel for
appellant is, that the court erred in permitting the same
jury at the same time to determine the issues raised by the
pleas in abatement and to assess the damages of appellee.
We are of opinion that in this there was no error.   The
contention of counsel is based upon the proposition that
after the issues upon the pleas in abatement had been
determined adversely to the defendant (appellant), it should
still have been afforded opportunity to plead to the merits.
In other words, it is contended that the judgment, upon a
determination of the issues of fact presented by the pleas
in abatement in favor of the plaintiff, should be *respondeat
ouster*.   But the law is well settled that the necessary judg-
ment in such case is *quod recuperet*.   This is the rule of
common law practice, and we are aware of no modification
of it by our statute.   1 Tidd's Practice (3d Am. Ed.), Sec.
641; 1 Chitty on Pleading (9th Am. Ed.), Sec. 464–5; Eich-
orn v. LaMaitre, 2 Wils. 367; Bowen v. Shopcott, 1 East,
542; Moeller v. Quarrier, 14 Ill. 280; Boggs v. Binskoff, 23
Ill. 66; Brown v. I. C. M. Ins. Co., 42 Ill. 366; Goggin v.
O'Donnell, 62 Ill. 66; Greer v. Young, 120 Ill. 184; Rubel
v. Beaver Falls Co., 22 Fed. Rep. 282.

In Tidd's Practice, *supra*, the author says:

" When a plea in abatement is regularly put in, the plaint-
iff must reply to it or demur.   If he reply, and an issue in

fact be thereupon joined, and found for him, the judgment is peremptory, *quod recuperet;* but if there be judgment for the plaintiff on demurrer to a plea in abatement or replication to such pleas, the judgment is only interlocutory *quod respondeat ouster.*"

Chitty states the rule:

" If an issue in fact be joined upon the replication (to a plea in abatement) and found for the plaintiff, the jury should assess the damages, and the judgment is peremptory for the delay *quod recuperet* and not *quod respondeat.*"

This rule of the common law has been repeatedly announced and adhered to by our Supreme Court.

In Boggs v. Binskoff, *supra*, the court said:

" It is the duty of the jury which tries the issue formed by such a plea, if they find the plea untrue, to assess the plaintiff's damages, and if, as in this case, the plaintiff proves no damages, the jury should report nominal damages."

In Goggin v. O'Donnell, *supra*, the court said:

" It is next objected that the jury, on finding the issue for the plaintiff, assessed his damages. It is said that the jury were only impaneled and sworn to try the issue joined, which was, were defendant and Lyman partners, at the time when, etc.; that the jury had only to answer this question in the affirmative or negative, and that question answered, their duty was ended, and they should not have assessed the damages.

" But the duty of the jury was just the reverse, under the law. If the plaintiff take issue upon a plea in abatement, he ought to pay damages, because if it be found against the defendant, the jury must assess the plaintiff's damages, and final judgment is to be given."

And in the later decision, in Greer v. Young, *supra*, the court, speaking of the practice upon pleas in abatement being interposed, said:

" The rule as recognized here in repeated decisions, and which is in strict accord with the common law practice, is, that any defect in the writ, its service or return, which is apparent from an inspection of the record, may properly be taken advantage of by motion; but where the objection is founded upon extrinsic facts the matter must

be pleaded in abatement, so that an issue may be made thereon, and tried, if desired, by a jury, like any other issue of fact. If the plaintiff is successful upon such issue, the judgment is *quod recuperet*. It is, therefore, to him a valuable right to have the issue thus made up and tried. To permit the defendant to try an issue of this kind on affidavit, etc., gives him a decided advantage; for if he fails, his motion would be simply overruled, and he would still have a right to a trial on the merits. To permit a party to thus speculate on the chance of succeeding on a purely technical ground, without incurring any risk, and without any compensation to the plaintiff in case of failure, is contrary to the spirit of the common law, and is in direct conflict with the decisions of this court."

But counsel for appellant urge that the Supreme Court announced a contrary rule in Mineral Point Ry. Co. v. Keep, 22 Ill. 9, and that this court, having followed the rule as so announced in Equitable P. & S. Exchange v. Keyes, 67 Ill. App. 460, we should now adhere to the same. We can not assent to this contention. There is some language used in the Mineral Point Ry. case which would indicate that the court viewed the permitting of a defense upon the merits after issue of fact found for plaintiff upon such a plea as proper practice. But the court also say, in the same decision and in the same connection:

" The judgment on this plea of *respondeat ouster* may be considered as a favor extended by the court to the plaintiffs in error, for ordinarily the judgment would have been *quod recuperet*, an issue of fact having been joined upon the replication, and found for the plaintiff. The same jury that tried this issue might have assessed the damages."

In that case it was not necessary to decide that the action of the court below in giving judgment of *respondeat ouster* was error; for the party there assigning error had received from the court below the favor of this judgment, and had been permitted to plead to the merits. No cross-error in this behalf appears to have been assigned.

It is not to be supposed that the court in approving by its language (though by no ruling) the practice followed by the trial court, meant to decide the question and to hold

contrary to the well established common law rule, which is announced in the same decision. And if it had been so held, the several later decisions of the Supreme Court indicate very clearly that the contrary rule is now the established practice of this State. There can be no question but that these pleas are pleas in abatement and subject to incidents which attach to such pleas at the common law. In Greer v. Young, *supra*, it is clearly stated that a defect in the service or return of the writ founded upon extrinsic fact and not apparent from mere inspection of the record, must be taken advantage of, if at all, by plea in abatement. We are of opinion, therefore, that the learned trial court followed the correct practice in permitting the jury, which found the issues upon the pleas in abatement for the plaintiff, appellee, to also assess his damages.

It is also assigned as error that the verdict was amended. We are of opinion that no prejudice resulted to appellant from the amendment, for we are inclined to the view that the verdict as returned by the jury, and without amendment, though informal, was sufficient to sustain the judgment. The verdict, while informal, was responsive to all the issues of fact submitted to the jury. It is true that it did not find the amount of the debt, and had that been in issue, the lack would have been fatal to the sufficiency of the verdict as then framed. But the debt was not in issue. By the finding of the issues presented upon the pleas in abatement favorably to the plaintiff, the defendant was precluded from questioning the debt, and the judgment of the court upon that element of the case followed, as matter of law. The issues which were submitted to the jury did not include any question of fact as to the debt. We are of opinion that the judgment should not be reversed upon this ground. I. C. R. R. Co. v. Reardon, 157 Ill. 372; Westphal v. Sipe, 62 Ill. App. 111.

It is also contended that the verdict of the jury is contrary to the evidence upon one of the issues which were submitted, viz., the agency of Raphael.

Without discussing the evidence in detail, it is enough to

say that we are of opinion that it sustains the verdict, and that the verdict is not against the manifest weight of it. Appellant leased offices in Chicago and Raphael occupied them and there transacted the business of appellant. Upon the door of these offices the name of Raphael appeared as " Western Agent. Italian-Swiss Agricultural Colony," etc. Raphael sold large quantities of the merchandise of appellant and appellant had no other representative in this State. Terms of sale and of payment in the transactions conducted by Raphael for appellant were determined by the former. He signed the name of appellant to orders by himself, as its agent. A letter of appellant refers to Raphael as " our Mr. Raphael." From all these facts, the denials of officers of appellant to the contrary notwithstanding, we think the jury was justified in finding that Raphael was the western agent of appellant. The same witnesses who denied that Raphael was appellant's agent, also denied, in effect, that Phuhl had ever been their agent, as Raphael's predecessor; and yet the record discloses that Phuhl was acting as appellant's agent in the commencement of the replevin proceedings in which the bond here sued upon was given.

Objections to evidence proffered to show the giving of the replevin bond are unimportant, for there was no issue as to the execution of the bond. The introduction of the original writ of summons in evidence was perhaps unnecessary, but it could have worked no apparent prejudice to appellant.

It is complained that evidence was admitted to show that Raphael had made declarations of his agency. Such evidence was incompetent for the purpose of establishing the agency. But we are not willing to reverse the judgment upon the ground of the admission of this evidence. After a careful examination of all the other evidence, we are satisfied that the jury could have reached no different conclusion as to the agency; and that therefore no prejudice resulted to appellant from the admission of this evidence. Excluding all consideration of this evidence of declarations by Raphael, if the verdict had been for the defendant, it would have been against the manifest weight of the evidence.

It is complained that there is no evidence in the record to warrant the giving of the first of the instructions tendered by appellee, and for the modification by the court of the fourth instruction tendered by appellant. We regard the evidence as ample to establish that appellant did, by its course of business conducted with and through Raphael, know that the latter held himself out as its agent, and permitted it. Therefore the court did not err in ruling upon those instructions.

We are satisfied upon the whole record that substantial justice has been done, and that the judgment should be affirmed.